IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP THOMAS GRZEGOREK,<br>        Plaintiff,<br>   v.<br><br>ALL CREDIT FINANCE, INC. trading and doing business as ALL CREDIT FINANCE, PITTSBURGH SETTLEMENT COMPANY, ELLENI KLIMANTIS-BERGER, RANDY BERGER (principals of All Credit Finance, Inc.), individually, EMANUAL KLIMANTIS (Notary Public), officially and individually, V. KLIMANTIS-BERGER and JAY BERGER (principals of Pittsburgh Settlement Company), individually,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   2:08-cv-771 |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's MOTION FOR HEARING ON DAMAGES (Document No. 64) and the MOTION OF DEFENDANTS ALL CREDIT FINANCE INC., ELLENI KLIMANTIS-BERGER AND RANDY BERGER TO OPEN ENTRY [OF DEFAULT] PURSUANT TO RULE 55(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE (Document No. 65), with brief in support (Document No. 67).

Procedural History

This case was filed on June 4, 2008 and involves, inter alia, a claim that All Credit Finance, Inc. ("All Credit") failed to rescind a mortgage agreement. Monte Rabner entered his appearance on behalf of All Credit and filed an answer on August 8, 2008. Subsequently, Fred Rabner also entered an appearance on behalf of All Credit. On January 14, 2009, Plaintiff filed a Motion to Compel Discovery in which he outlined the numerous difficulties he had experienced in obtaining the cooperation of All Credit and Mr. Rabner. The Court granted the Motion to

Compel on January 29, 2009.  On February 12, 2009, Plaintiff took the deposition of Elleni Klimantis-Berger, who invoked her Fifth Amendment right against self-incrimination.  Based on information obtained during that deposition, Plaintiff filed a motion to add five additional defendants, Elleni Klimantis-Berger, Randy Berger, Emanual Klimantis, Vasilia Klimantis-Berger and Jay Berger (collectively, the "Individual Defendants"), which the Court granted on February 27, 2009.  An Amended Complaint was filed on April 3, 2009 and Plaintiff filed proofs of service as to the newly-named Defendants on April 27, 2009.

On March 10, 2009, pursuant to a stipulation, the case against Defendant Equifirst Corporation was dismissed with prejudice.  On April 3, 2009, the Court denied the Rabners' motion to withdraw as counsel for All Credit because replacement counsel had not entered an appearance and a corporation cannot represent itself.  No lawyer ever entered an appearance on behalf of any of the Individual Defendants and none of the Defendants answered the Amended Complaint.

There was no activity of record for the next approximately five months.  On September 14, 2009, Plaintiff filed requests for Entry of Default against All Credit and the Individual Defendants, which the clerk of courts entered on September 15, 2009.[1]  Plaintiff then filed the instant motion for a non-jury hearing to determine damages and for entry of judgment against all remaining Defendants.  Also on September 15, 2009, attorney Rabner filed the pending motion to set aside default, on behalf of Defendants All Credit, Elleni Klimantis-Berger and Randy Berger (the "Moving Defendants").  To date, no response has been filed by the other remaining Defendants.  The Court turns now to the outstanding motions.

---

[1] The clerk of courts had previously entered default against Defendant Pittsburgh Settlement Company on August 25, 2008.

A. Motion to Set Aside Default

Federal Rule of Civil Procedure 55(c) states that a "court may set aside an entry of default for good cause." If in doubt, the Court should err on the side of setting aside the default and reaching the merits of the case. In *Budget Blinds, Inc. v. White*, 536 F.3d 244, 257 (3d Cir. 2008), the Court of Appeals for the Third Circuit[2] set forth the analysis that must be performed:

> We require the district court to consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct.

   1. Prejudice to Plaintiff

This case was filed well over a year ago. As set forth in the Complaint, Plaintiff is an individual of modest financial means who is seeking redress for Defendants' failure to rescind a loan on his personal residence. Defendants' alleged conduct has significantly affected Plaintiff's credit rating and personal finances. Despite the diligent efforts of Plaintiff's counsel, he has been unable to secure the cooperation of Defendants or their attorney to advance this case. While defense counsel believes that the relationship between the respective lawyers was "one of mutual respect and cooperation," he does not deny Plaintiff counsel's averment that he never personally returned phone calls. Moreover, Defendants concede that they did not file an Answer and that after the beginning of April, "activity in the case became non-existent." The substantial additional delay that would be occasioned by permitting Defendants to reopen the entry of default would significantly prejudice Plaintiff.

---

[2]Defense counsel has improperly cited in his brief to the somewhat different test that is used in the Second Circuit.

2.      Existence of a Meritorious Defense

Defense counsel has attached a proposed Answer and Affirmative Defenses, purportedly on behalf of the three Moving Defendants.[3] The proposed pleading avers that Allegheny Credit Finance, Inc. is a duly-organized corporation owned by Elleni Klimantis-Berger and that All Credit Finance was a fictitious name. However, defense counsel has not explained why this fact, even if true, should be dispositive and has not otherwise articulated what the "meritorious defense" would be.

The proposed pleading also avers that Plaintiff failed to properly rescind the loan. This would ordinarily create a disputed question of fact. However, when Plaintiff took the deposition of Elleni Klimantis-Berger, she invoked her Fifth Amendment right against self-incrimination as to virtually all substantive questions. Defendants have failed to point to any evidence that might sustain a meritorious defense. Moreover, because Ms. Klimantis-Berger exercised her Fifth Amendment right and refused to testify, Plaintiff is entitled to draw an adverse inference. As explained by the Supreme Court in *Mitchell v. United States*, 526 U.S. 314, 328 (1999) (citations omitted):

> This Court has recognized "the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them," at least where refusal to waive the privilege does not lead "automatically and without more to [the] imposition of sanctions." In ordinary civil cases, the party confronted with the invocation of the privilege by the opposing side has no capacity to avoid it, say, by offering immunity from prosecution. The rule allowing invocation of the privilege, though at the risk of suffering an adverse inference or even a default, accommodates the right not to be a witness against oneself while still permitting civil litigation to proceed.

As the Supreme Court specifically noted, the invocation of the Fifth Amendment may cause a

---

[3] As noted, defense counsel has not entered an appearance on behalf of either Elleni Klimantis-Berger or Randy Berger.

party to suffer a default.  In sum, Defendants have failed to demonstrate a meritorious defense.

        3.      Defendants' Culpable Conduct

Defense counsel attributes the failure to file an Answer (for approximately five months) to "a clerical error that occurred within undersigned counsel's office."  Defense counsel explains that he assumed that the resulting inactivity in this case was caused because Plaintiff decided to await the outcome of the federal criminal investigation.  Although defense counsel complains that he did not receive phone calls from Plaintiff's counsel regarding the long-overdue Answer, it appears that defense counsel never contacted Plaintiff to verify his assumption as to the cause of the inactivity.  The length of time that elapsed, the complete absence of activity in the case, and Plaintiff's prior efforts to advance the case all should have put defense counsel on notice that something was amiss.  The Court has previously concluded, in granting Plaintiff's motion to compel discovery, that Defendants engaged in culpable and dilatory conduct in this case.  Given the history of Plaintiff's repeated difficulties in securing Defendants' cooperation in discovery in this case, it is certainly plausible that the failure to file an Answer was not an innocent oversight, but rather, was part of a continued pattern of foot-dragging and delay.  Defendants have not requested an evidentiary hearing as to their culpability, and the Court need not make such a finding to resolve this motion.  Even assuming arguendo that the failure to file an Answer was entirely innocent, the other factors weigh strongly in favor of Plaintiff.

In accordance with the foregoing, the MOTION OF DEFENDANTS ALL CREDIT FINANCE INC., ELLENI KLIMANTIS-BERGER AND RANDY BERGER TO OPEN ENTRY [OF DEFAULT] PURSUANT TO RULE 55(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE (Document No. 65) is **DENIED**.

  B. <u>Motion for Damages Hearing</u>

  Although the clerk of courts has entered default against the remaining Defendants pursuant to Fed. R. Civ. P. 55(a), a default judgment has not yet been entered.  Pursuant to Fed. R. Civ. P. 55(b)(2)(B), the Court may conduct a hearing if necessary to determine the amount of damages.  Plaintiff has filed a motion for the Court to conduct a non-jury hearing to determine the damages due in this case, including punitive damages.  Although the Moving Defendants sought to reopen the entries of default, they have not opposed the request for a non-jury damages hearing.  The Court agrees that such a hearing is necessary.

  In accordance with the foregoing, Plaintiff's MOTION FOR HEARING ON DAMAGES (Document No. 64) is **GRANTED**.  A non-jury hearing for the sole purpose of determining the amount of damages sustained by Plaintiff, including punitive damages, shall be held on Wednesday, October 21, 2009 at 9:00 a.m.   Any and all Defendants who wish to contest the amount of Plaintiff's alleged damages must appear in Court on that date and time to present countervailing evidence.  Defense counsel is instructed to ensure that a copy of this Memorandum Order is provided to each of the Defendants who have not entered an appearance in this matter.

  SO ORDERED this 2nd  day of October, 2009.

                BY THE COURT:

                s/  Terrence F. McVerry
                United States District Court Judge

cc:      Gianni Floro, Esquire
           Email: gfloro84@comcast.net

ALL CREDIT FINANCE, INC. trading and doing business as ALL CREDIT FINANCE
      Monte J. Rabner, Esquire
      Email: rabnerlaw@verizon.net
      Fred G. Rabner, Esquire
      Email: freddy.rabnerlaw@verizon.net

PITTSBURGH SETTLEMENT COMPANY

ELLENI KLIMANTIS-BERGER
RANDY BERGER, (principals of All Credit Finance, Inc.), individually
EMANUAL KLIMANTIS, (Notary Public), officially and individually
VASILIA KLIMANTIS-BERGER
JAY BERGER, (principals of Pittsburgh Settlement Company), individually