**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PHILLIP THOMAS GRZEGOREK,** )<br>    **Plaintiff,** )<br>  v. )<br> )<br> **ALL CREDIT FINANCE, INC. trading and doing** )<br> **business as ALL CREDIT FINANCE,** )<br> **PITTSBURGH SETTLEMENT COMPANY,** )<br> **ELLENI KLIMANTIS-BERGER, RANDY** )<br> **BERGER (principals of All Credit Finance, Inc.),** )<br> **individually, EMANUAL KLIMANTIS (Notary** )<br> **Public), officially and individually, V.** )<br> **KLIMANTIS-BERGER and JAY BERGER** )<br> **(principals of Pittsburgh Settlement Company),** )<br> **individually,** )<br>    **Defendants.** )| **2:08-cv-771** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On October 21, 2009, the Court conducted an evidentiary hearing on Plaintiff's MOTION

FOR HEARING ON DAMAGES (Document No. 64). Plaintiff Philip Thomas Grzegorek

testified as a witness. Plaintiff's parents, Gerald and Barbara Ferguson, were also present but did

not testify. None of the Defendants was present, nor did an attorney appear on behalf of any of

the Defendants. After the hearing, Plaintiff filed a MOTION TO OPEN RECORD AND

CORRECT DAMAGE CALCULATIONS (Document No. 70), which was granted by the Court.

The Court issues the following Findings of Fact and Conclusions of Law in accordance

with Fed. R. Civ. P. 52.


Procedural History

This case was filed on June 4, 2008 and involves, inter alia, a claim that All Credit

Finance, Inc. ("All Credit") failed to rescind a mortgage agreement after timely and due notice to

it. Attorney Monte Rabner entered his appearance on behalf of All Credit and filed an answer on

August 8, 2008.  Subsequently, attorney Fred Rabner also entered an appearance on behalf of All Credit.  On August 25, 2008, the clerk of courts entered default against Defendant Pittsburgh Settlement Company.  On January 14, 2009, Plaintiff filed a Motion to Compel Discovery in which he outlined the numerous difficulties he had experienced in obtaining the cooperation of All Credit and Mr. Rabner.  The Court granted the Motion to Compel on January 29, 2009.  On February 12, 2009, Plaintiff took the deposition of Elleni Klimantis-Berger, who invoked her Fifth Amendment right against self-incrimination.  Based on information obtained during that deposition, Plaintiff filed a motion to add five additional defendants, Elleni Klimantis-Berger, Randy Berger, Emanual Klimantis, Vasilia Klimantis-Berger and Jay Berger (collectively, the "Individual Defendants"), which the Court granted on February 27, 2009.  An Amended Complaint was filed on April 3, 2009 and Plaintiff filed proofs of service as to the newly-named Defendants on April 27, 2009.

On March 10, 2009, pursuant to a stipulation, the case against Defendant Equifirst Corporation was dismissed with prejudice.  On April 3, 2009, the Court denied the Rabners' motion to withdraw as counsel for All Credit because replacement counsel had not entered an appearance and a corporation cannot represent itself in federal court.  No lawyer ever entered an appearance on behalf of any of the Individual Defendants and none of the Defendants answered the Amended Complaint.

There was no activity of record for approximately the next five months.  On September 14, 2009, Plaintiff filed requests for Entry of Default against All Credit and the Individual Defendants, which the clerk of courts entered on September 15, 2009.  Plaintiff then filed a motion for a non-jury hearing to determine damages and for entry of judgment against all

remaining Defendants.  Also on September 15, 2009, attorney Rabner filed a motion to set aside

default, on behalf of Defendants All Credit, Elleni Klimantis-Berger and Randy Berger (the

"Moving Defendants").  On October 2, 2009, the Court issued a Memorandum Order which

denied the motion to set aside default and scheduled a hearing to determine damages.  Attorney

Rabner was directed to ensure that all remaining Defendants were given a copy of the

Memorandum Order, which stated, in relevant part: "Any and all Defendants who wish to contest

the amount of Plaintiff's alleged damages must appear in Court on that date and time to present

countervailing evidence."  In addition, Plaintiff's counsel represented that he sent notice of the

hearing to all known addresses of the unrepresented Defendants.  On October 20, 2009, the day

prior to the scheduled damages hearing, attorney Rabner filed a Suggestion of Bankruptcy on

behalf of the Moving Defendants.  To date, no response has been filed by the other remaining

Defendants.

Findings of Fact

1.      Plaintiff's testimony was truthful and credible.

2.      Plaintiff proved the following items of damages:

| | | |
|---|---|---|
| a. | Prepayment penalty (Ames Loan) | $ 3,235.43 |
| b. | CapOne Settlement excess | $  990.31 |
| c. | CapOne since no payment made | $ 1,712.11 |
| d. | Unpaid debt to Triad | $ 7,018.00 |
| e. | Other debts not paid from closing proceeds | $  554.35 |
| f. | Debts incorrectly paid from proceeds | $  221.00 |
| g. | Other creditors incorrectly overpaid | $  130.00 |
| h. | Fees to All-Credit and PSC | $  923.00 |
| i. | Finance charges per amortization calculator | $20,907.63 |

3.      At the hearing, Plaintiff voluntarily withdrew his claim for $12,385.34 in mortgage over-

payments because it represented "double-counting" with his claim for finance charges.

4.      As a result of a discussion with Plaintiff's mother after the evidentiary hearing, Plaintiff's counsel learned that Plaintiff had not double-paid his local taxes or his Beaver County delinquency.   Accordingly, he filed a Motion to Open Record and Correct Damage Calculations in which he withdrew his claims for these alleged double-payments of $1,756.04 and $1,414.68, respectively.  The Court finds that these two claimed elements of damages are not recoverable.

5.      Plaintiff suffered severe emotional distress and pain and suffering as a direct result of Defendants' conduct, including alopecia due to the stress he experienced.

6.      The time spent and the hourly rate charged by Plaintiff's attorney (134.25 hours at $150 per hour) are reasonable under the facts and circumstances of this case.  Plaintiff is entitled to recover attorneys fees of $20,137.50.

7.      Plaintiff is entitled to recover $1,293.61 in costs.


Conclusions of Law

1.      Although the clerk of courts has entered default against all remaining Defendants pursuant to Fed. R. Civ. P. 55(a), a default judgment has not yet been entered.  Pursuant to Fed. R. Civ. P. 55(b)(2)(B), the Court may conduct a hearing if necessary to determine the amount of damages to enable it to enter or effectuate judgment.

2.      Plaintiff has filed a motion for the Court to conduct a non-jury hearing to determine the damages due in this case, including punitive damages, and for entry of default judgment.

3.      A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint.  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007).  Plaintiff's

Complaint asserts claims under TILA, the Pennsylvania Brokers and Consumer Equity Act, 63 P.S. § 456.101 et seq., the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-1 et seq., and for misrepresentation and fraud.  The Court has taken judicial notice of the averments in the Amended Complaint (Document No. 45).

4.      Pursuant to 11 U.S.C. § 362(a), the filing of a Suggestion of Bankruptcy operates as a stay of proceedings against the debtor(s).  Accordingly, this case is STAYED as to Defendants All Credit Finance, Inc., Elleni Klimantis-Berger and Randy Berger.

5.      Although certain defendants may fall under the protection of the automatic stay provision found at 11 U.S.C. § 362(a), this action continues against the other remaining defendants.  *Berk v. Ascott Inv. Corp.*, 759 F.Supp. 245, 248 n. 1 (E.D.Pa.1991) (citations omitted).  Accordingly, the Court will consider Plaintiff's claim for damages and entry of default judgment against Defendants Emanual Klimantis, Vasilia Klimantis-Berger, Jay Berger and Pittsburgh Settlement Company.

6.      Pursuant to the Truth in Lending Act (TILA), 15 U.S.C. § 1640, Plaintiff is entitled to recover twice the amount of any finance charges in connection with the transaction.  In this case, the amount of the finance charge that is subject to double recovery under TILA is $20,907.63.

7.      As a prevailing party under TILA, Plaintiff is entitled to recover reasonable attorneys fees and costs.  15 U.S.C. 1640(a)(3).  The Court concludes that Plaintiff is entitled to recover attorneys fees of $20,137.50 and costs of $1,293.61.

8.      Plaintiff is entitled to recover $10,000 in damages for his inconvenience, emotional distress, and pain and suffering.  *Mest v. Cabot Corp.*, 449 F.3d 502, 519 (3d Cir. 2006).

9.      The Court concludes that Plaintiff has proven damages and is entitled to a default

judgment in the total amount of $76,318.46.

10.     The Court finds that the conduct of Defendants was outrageous, but concludes that Plaintiff is not entitled to recover any additional punitive damages beyond the double recovery and attorneys fees provided under TILA.

11.     The Defendants shall be held jointly and severally liable.

12.     In accordance with the foregoing, Default Judgment shall be entered against Emanual Klimantis, Vasilia Klimantis-Berger, Jay Berger and Pittsburgh Settlement Company in the amount of $76,318.46.

        SO ORDERED this 6th  day of November, 2009.


                                        BY THE COURT:


                                        s/  Terrence F. McVerry
                                        United States District Court Judge

cc:
PHILIP THOMAS GRZEGOREK (Via CM/ECF)
     Gianni Floro, Esquire
     Email: gfloro84@comcast.net

ALL CREDIT FINANCE, INC. trading and doing business as ALL CREDIT FINANCE  (Via CM/ECF)
ELLENI KLIMANTIS-BERGER (Via CM/ECF)
RANDY BERGER (Via CM/ECF)
     Monte J. Rabner, Esquire
     Email: rabnerlaw@verizon.net
     Fred G. Rabner, Esquire
     Email: freddy.rabnerlaw@verizon.net

PITTSBURGH SETTLEMENT COMPANY (Via Certified and US Mail)
     17 Brilliant Avenue
     Pittsburgh, PA 15215

EMANUAL KLIMANTIS (Via Certified and US Mail)
     224 Second Street
     Aspinwall, PA 15215

VASILIA KLIMANTIS-BERGER  (Via Certified and US Mail)
     17 Brilliant Avenue
     Pittsburgh, PA 15215

JAY BERGER (Via Certified and US Mail)
     17 Brilliant Avenue
     Pittsburgh, PA 15215